**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

DAMION O'NEILL,

Plaintiff,

vs.

ADAMS COUNTY JAIL, *et al.*,

Defendants.

Case No. 1:23-cv-200

District Judge Douglas R. Cole
Magistrate Judge Elizabeth P. Deavers

**ORDER and**
**REPORT AND RECOMMENDATION**

*Pro se* plaintiff, a former inmate at the Adams County Jail, in West Union, Ohio, who is currently incarcerated at the London Correctional Institution, in London, Ohio, filed the instant action in the Adams County Court of Common Pleas on March 14, 2023, against the Adams County Jail ("Jail"), Adams County, and the City of West Union. (*See* Doc. 1-1). Plaintiff alleges that his civil rights were violated while a pretrial detainee at the Jail. (*Id.*). Defendants have paid the filing fee and filed a joint Notice of Removal of the action to the United States District Court on April 12, 2023, based on federal question subject matter jurisdiction. 28 U.S.C. § 1331. (Doc. 1, at PageID 3).

This matter is before the Court for a *sua sponte* review of the Notice of Removal, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3). Also before the Court are plaintiff's motions to amend his complaint

and for appointment of counsel. (Doc. 11).

## I. Removal Is Proper

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

To remove a civil action from state court to federal court, a defendant must file in the district court a notice of removal containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant, within thirty days of receiving the complaint or summons, or within thirty days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a), (b). A case may be remanded at any time prior to final judgment if it appears the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

This Court finds that removal was proper in this case. The County Defendants state that they received a copy of plaintiff's complaint on March 17, 2023. (Doc. 1, at PageID 1).[1] They filed their Notice of Removal on April 12, 2023, within the thirty-day time limit imposed by 28 U.S.C. § 1446(a), (b). Further, plaintiff's complaint raises a federal question by asserting, pursuant to 42 U.S.C. § 1983,[2] that he was subjected to "cruel and unusual punishment." (Doc. 2, at PageID 19). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (applying the "well-pleaded complaint" rule to determine whether a claim arises under federal law). *See also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (applying "well-pleaded complaint" rule to "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). Where a case is removed because of a federal question, a federal district court acquires subject matter jurisdiction over supplemental state law claims under 28 U.S.C. § 1367(a).

Accordingly, and in the absence of any objection from plaintiff, the Court finds it has subject matter jurisdiction to consider the matter and that it is removable from state court.

## II. Plaintiff's Motions

Having found that removal is proper, this matter is now before the Court on the preliminary matters of plaintiff's motions to amend and for appointment of counsel. (Doc. 11).

---

[1]To the extent that the County defendants dispute that they were properly served in this matter (*see* Doc. 4, at PageID 24), the Court does not reach that issue at this time. The Court notes, however, that "[r]emoval . . . does not waive any defenses that a defendant may have." *Chiancone v. City of Akron*, No. 5:11-cv-337, 2011 WL 4436587, at *5 (N.D. Ohio Sept. 23, 2011) (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987) (holding that removal did not waive the defendant's objection that he had never been served with process)).

[2]The Court understands plaintiff to be bringing this action under 42 U.S.C. § 1983. "Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'" *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring).

The Court turns first to plaintiff's motion to amend. (Doc. 11, at PageID 37-38). In his motion, plaintiff seeks to clarify that the cruel-and-unusual-punishment claims in his complaint are alleged under the Due Process Clause of the Fourteenth Amendment, as opposed to the Eighth Amendment, because he was a pretrial detainee at the time of the alleged events. (*See* Doc. 11, at PageID 37-38).[3] Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("[T]he leave sought should, as the rules require, be 'freely given.'").

In accordance with the liberal amendment standard in Rule 15, and having received no opposition to the motion from defendants, plaintiff's motion to amend (Doc. 11, at PageID 37-38) is **GRANTED**. The Court understands plaintiff's amended complaint in this action to consist of both Documents 2 and 11.

The Court turns next to plaintiff's motion for appointment of counsel. (Doc. 11, at PageID 38). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only

[3]"The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)). Under the protection guaranteed by the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must not be punished in any manner prior to a lawful conviction. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1970). Plaintiff indicates that he is also asserting Fifth Amendment due process claims against defendants. (*See* Doc. 11, at PageID 38-39). Because the Fifth Amendment applies only to claims against federal employees, and plaintiff sues two municipalities and a local jail, plaintiff cannot maintain Fifth Amendment due process claims. The Court therefore liberally construes plaintiff's *pro se* due process claims to be brought solely under the Fourteenth Amendment. *Cf. Fisher v. Kerr,* No. 1:23-CV-393, 2023 WL 3192473, at *3 (W.D. Mich. May 2, 2023) (citing *Scott v. Clay Cty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000)).

by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

Therefore, plaintiff's motion to appoint counsel (Doc. 11, at PageID 38) is **DENIED**.

## III. Plaintiff's Amended Complaint

Next, the Court conducts a *sua sponte* review of the amended complaint to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act (PLRA) of 1995 § 804, 28 U.S.C. § 1915(e)(2).[4]

### A. Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no

[4]Although the County defendants, through counsel, have paid the filing fee and filed an answer in this case, the Court must still screen the amended complaint in accordance with the PLRA. *See* 28 U.S.C. §§ 1915(e)(2); 1915A(a). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *Lark v. Dillman*, No. 1:13-CV-0335, 2013 WL 1207467, at *2 (M.D. Pa. Mar. 5, 2013), *report and recommendation adopted*, No. 1:13-CV-335, 2013 WL 1207953 (M.D. Pa. Mar. 25, 2013).

arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under, in relevant part, § 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B. Allegations**

In his amended complaint, plaintiff alleges that defendants violated his right to due process when he was a pretrial detainee at the Jail by housing him in segregated isolation for over 60 days "without just cause," denying him treatment for an infected finger, discriminating against him based on his race, and exposing him to conditions of confinement that could make him sick. (*See* Doc. 2, at PageID 19-21; Doc. 11, at PageID 38). For the reasons below, the Court should dismiss plaintiff's amended complaint with leave to amend. *See, e.g., Zolnierz v. Harris,* No. CV 11-1182, 2011 WL 2560217, at *1 (D. Ariz. June 28, 2011).

As an initial matter, to the extent that plaintiff names the Adams County Jail as a defendant, the Jail is not an entity capable of being sued. *See Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam); *Howell v. Hamilton Cty. Justice Ctr.*, No. 1:15-CV-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015).

Next, to the extent that plaintiff names Adams County and the City of West Union, plaintiff does not allege that his constitutional rights were violated pursuant to a municipal policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Nor does plaintiff allege facts from which the Court could infer a failure-to-train claim against either municipality. To state a failure-to-train claim against a municipality, plaintiff must allege "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation, quotation marks, and brackets omitted). Here, plaintiff does not allege any facts indicating that the County or City knew of prior unconstitutional conduct on the part of Jail staff. Accordingly, any failure-to-train claim must fail as to these defendants. *See id*.

Additionally, plaintiff fails to demand any form of relief in the amended complaint in violation of Federal Rule of Civil Procedure 8(a)(3). Courts have held that a plaintiff's failure to demand any form of relief and thus comport with Rule 8(a)(3), even when proceeding *pro se*, justifies dismissal of the complaint without prejudice under Federal Rule of Civil Procedure12(b)(6). *See Whitmore v. Mallory*, No. 2:15-cv-2838, 2015 WL 6125360, at *4 (S.D. Ohio Oct. 19, 2015) ("in neglecting to articulate the relief he seeks, [p]laintiff has failed to satisfy Federal Rule of Civil Procedure 8(a)"), *adopted,* 2015 WL 6955184 (S.D. Ohio Nov. 10, 2015); *Peel v. Woods,* No. 5:15-cv-8, 2015 WL 1223695, at *3-4 (E.D. Ky. Mar. 17, 2015) (dismissing pro se plaintiff's complaint without prejudice because it failed to state the type of relief, equitable or otherwise, which he was seeking "so as to give adequate notice to the opposing parties") (collecting cases within the Western and Eastern Districts of Kentucky); *Ward*

*v. Lincoln Cty. Jail,* No. 07-cv-389, 2008 WL 687019, at *2 (E.D. Ky. Mar. 12, 2008) (discussing Rule 8(a)(3) and holding that "failure to demand any form of relief justifies dismissal without prejudice") (citing *Gill v. Tillman,* No. Civ. A. 99-0648, 2001 WL 395051, at *3 (S.D. Ala. 2001); *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir. 1993); *Player v. Phoenix,* No. 92-civ-401, 1992 WL 350780, at *1 (S.D.N. Y Nov. 13, 1992); *Dupree v. Lubbock Cty. Jail,* 805 F. Supp. 20, 21 (N.D. Tex. 1992)).

It is therefore **RECOMMENDED** that plaintiff's amended complaint be **DISMISSED**. It is **further RECOMMENDED** that plaintiff be granted leave to file a second amended complaint to cure the deficiencies identified above. In his second amended complaint, plaintiff should name as a defendant any person he contends is actually and personally responsible for the alleged violation of his rights. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury."). Plaintiff should also identify the relief he seeks. *See* Fed. R. Civ. P. 8(a)(3).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to amend (Doc. 11, at PageID 37-38) is **GRANTED.**
2. Plaintiff's motion for appointment of counsel (Doc. 11, at PageID 38) is **DENIED.**
3. Plaintiff apprise the Court of any changes to his address that occur during the pendency of these proceedings.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** plaintiff's amended complaint but **GRANT** plaintiff leave to file, within **twenty-eight (28) days** of any Court Order adopting this Report and

Recommendation, a second amended complaint naming the proper defendants and indicating the intended relief.

2. To assist in complying with the Federal Rules of Civil Procedure, plaintiff may want to use the Court's Complaint Form (*Prisoner*) which can be found on the Court's website. *See* http://www.ohsd.uscourts.gov/ohio-southern-district-forms. In addition, plaintiff may wish to consult the Court's *pro se* guide, which provides basic information regarding the preparation of a complaint. *See A Guide for Pro Se Civil Litigations: Representing Yourself in the United States District Court for the Southern District of Ohio*, Sec. III.1, available at http://www.ohsd.uscourts.gov/pro-se-handbook.

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

**IT IS SO ORDERED.**

October 5, 2023

*s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge