`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DAMION O'NEILL, | : | Case No. 1:23-cv-200 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Douglas R. Cole |
| | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| ADAMS COUNTY JAIL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER and SUPPLEMENTAL
## REPORT AND RECOMMENDATION

This matter is currently before the Court for an initial screen of pro se Plaintiff's Third

Amended Complaint (Doc. 20) under the Prison Litigation Reform Act of 1995 § 805, 28

U.S.C. § 1915A.

### A.    Background

On October 5, 2023, the Undersigned found that removal of this action by the Defendants

from the Adams County Court of Common Pleas was proper.  (Doc. 12, at PageID 41-42).  The

Court then screened Plaintiff's initial Complaint (Doc. 2), as amended (Doc. 11), pursuant to the

PLRA, and recommended that the Complaint be dismissed with leave to amend.  (Doc. 12, at

PageID 48).  That Order and Report and Recommendation remains pending before the District

Judge.

In the October 5, 2023 Order and Report and Recommendation, the Court noted, in

relevant part:

1

> In his second amended complaint, plaintiff should name as a defendant any person he contends is actually and personally responsible for the alleged violation of his rights.  *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.").  Plaintiff should also identify the relief he seeks.  *See* Fed. R. Civ. P. 8(a)(3).

(*Id*.).

Plaintiff then filed a Second Amended Complaint (Doc. 15), which superseded his previous Complaint for all purposes.  *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013).  Although Plaintiff partially complied with the Court's direction to name "as a defendant any person he contends is actually and personally responsible for the alleged violation of his rights" (Doc. 12, at PageID 48), several deficiencies remained.

On January 29, 2024, the Court entered a Deficiency Order directing Plaintiff to file a Third Amended Complaint in accordance with the standards set forth in the Order.  The Court notified Plaintiff that, should he opt not to file a Third Amended Complaint, the Court would screen the Second Amended Complaint (Doc. 15) as submitted to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

On February 28, 2024, Plaintiff filed the instant Third Amended Complaint (Doc. 20). Defendants filed an Answer on March 13, 2024 (Doc. 21).  The Court will now proceed *sua sponte* to review the Third Amended Complaint under the standards set forth in § 1915A(b).[1]

---

[1]Although Defendants, through counsel, have paid the filing fee (*see* Doc. 1) and filed an Answer (Doc. 21), the Court must still screen the Third Amended Complaint in accordance with the PLRA.  *See* 28 U.S.C. § 1915A(b).  *See also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to

2

**Plaintiff's Third Amended Complaint**

### A.    Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

---

screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *Lark v. Dillman*, No. 1:13-CV-0335, 2013 WL 1207467, at *2 (M.D. Pa. Mar. 5, 2013), *report and recommendation adopted*, No. 1:13-CV-335, 2013 WL 1207953 (M.D. Pa. Mar. 25, 2013).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a

claim" under, in relevant part, 28 U.S.C. § 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.      Allegations**

Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that Defendants Adams County Sheriff

Kinney Rogers, Adams County Jail ("Jail") Administrator Lt. Hayslip, and Jail employees

"Paul," "Aemeont," Mike Shamblin, "Big John," Mike Perigo, and Unknown Jane Doe Nurse

(collectively referred to as "Defendants") violated his rights while he was a pretrial detainee at

the Jail. (Doc. 20).

4

Plaintiff alleges that Defendant Sheriff Rogers is responsible for his employees, the Jail, and the administration of the Jail.  (Doc. 20, at PageID 80).  Plaintiff further alleges that Rogers "expos[ed] Plaintiff to conditions of confinement that posed a substantial risk of serious harm as to the structurally unsafe facility, and discrimination."  (*Id.*).  Additionally, without factual enhancement, Plaintiff alleges that Rogers "knew that inmates housed in the [J]ail were subjected to inhumane conditions of confinement, and prior to this action the Defendants disregarded the excessive risk to inmate health and safety[.]"  (*Id.*, at PageID 80).

Plaintiff alleges that Defendant Hayslip was the "Jail Administrator and [S]upervisor of Jail Operations."  (Doc. 20, at PageID 80-81).  Plaintiff alleges that Hayslip "ha[d] personal knowledge of the various violations against this plaintiff and was indifferent when misconduct was brought to his attention."  (*Id.* at PageID 81).

Plaintiff further alleges that, when he arrived at the Jail, Defendants Paul and Aemeont questioned him about "his religious accommodations" and ethnic status.  (Doc. 20, at PageID 83).  Paul and Aemeont then allegedly reported Plaintiff's answers to Defendant Hayslip.  (*Id.*). Plaintiff alleges that, after he was booked into the Jail, Defendants Paul, Aemeont, and Hayslip placed him in an isolation cell, where he remained for 264 days until his transfer to state custody. (*Id.* at PageID 82-83).  Plaintiff contends that he was housed in isolation "as a direct means of discrimination, due to his ethnic and religious culture."  (*Id.* at PageID 83).  Plaintiff further asserts that "at no time" while he was in isolation "would any of the Defendants provide [him] with sanitary eating utensils or the ability to meet all hygiene needs, i.e., shaving, haircuts, toothpaste, toilet paper etc."  (*Id.* at PageID 83-84).  Additionally, Plaintiff alleges that he was

5

"singled out" by Defendants Hayslip and Unknown Jane Doe Nurse and questioned about which mosque he attended and which Islamic sect he belonged to.  (*Id*. at PageID 84).

Plaintiff alleges that he "feared retribution" because Defendant Hayslip denied him access to a Qur'an and Islamic religious services, and Defendants Paul, Aemeont, Big John, Shamblin, and Perigo constantly searched him and denied him pencils and pens to write and file complaints to other entities.  (Doc. 20, at PageID 84).  Plaintiff further alleges that Defendants Hayslip, Paul, and Aemeont instructed him that he could only attend Christian services.  (*Id*.).

Plaintiff alleges that between April 15 and 18, 2022,[2] Defendant Perigo denied him a meal tray.  (Doc. 20, at PageID 81).  Plaintiff alleges that Perigo told him that Perigo gave Plaintiff's tray to another inmate because the Jail was short on food and "because Plaintiff had purchased commissary recently [and] had ample food to feed himself[.]"  (*Id*.).

Plaintiff alleges that he reported the tray incident to Defendant Big John, who told Plaintiff to report it to Defendant Hayslip on Monday since it was a Friday dinner meal and "no administration could come in until Monday morning."  (Doc. 20, at PageID 82).  Plaintiff asserts that Big John also informed him that "the next tray pass out would be breakfast."  (*Id*.).  Plaintiff alleges that when he notified Hayslip on or about April 18 that he had been denied a meal three days earlier, Hayslip told plaintiff there "was nothing he could do to fix what had happened[.]" (Doc. 20, at PageID 81).  Plaintiff alleges that Hayslip knew there would not be enough food trays for the Jail population.  (*Id*.).

---

[2]Although the Third Amended Complaint alleges the year was "2023," this appears to be a typographical error.  The Second Amended Complaint alleged the year was "2022" (*see* Doc. 15, at PageID 57), and Plaintiff filed the instant action in March 2023.

Plaintiff further alleges that, prior to this incident, Defendants Aemeont, Paul, and Hayslip were aware of "the religious dietary restrictions" and "altered [his] tray to cheese sandwiches and pop tarts (which contain pork)." (Doc. 20, at PageID 82). Plaintiff claims that he "was forced" by Paul and Hayslip "to sign a paper stating he would convert[] to Christianity so he would receive adequate food trays." (*Id.*).

Plaintiff alleges that, in March 202[2], he was injured by "something unknown within [his] cell." (Doc. 20, at PageID 82). Plaintiff asserts that he "completed several Medical Care Slips, seeking medical care for an infected finger, that had turned purplish dark blue and swollen with puss." (*Id.*). According to Plaintiff, Defendant Unknown Jane Doe Nurse looked at his finger but provided no care and returned him to his housing unit. (*Id.* at PageID 83). Plaintiff alleges that Defendant Shamblin later came to his cell with a fork and hand sanitizer and told Plaintiff to "take care of it how you would in your country." (*Id.*).

Additionally, Plaintiff alleges that at another time he was struck on the head by a piece of falling ceiling fan that was about 9 inches wide and 2 inches thick and weighed about 8 to 9 pounds. (Doc. 20, at PageID 84). Plaintiff alleges that he reported this incident to Defendant Big John, who stated "be thankful the [rebar] didn't fall too," removed the fallen material, but did not file incident or damage reports. (*Id.*). Plaintiff contends that Defendant Unknown Jane Doe Nurse denied him medical attention at the time, but he has since been seen by state prison medical staff for complaints of memory loss and balance issues. (*Id.*).

Plaintiff seeks monetary damages and injunctive relief in the form of the "removal of defendants from their positions and other appropriate injunctions." (Doc. 20, at PageID 86).[3]

## C.    Analysis

Liberally construing Plaintiff's Third Amended Complaint, *see Erickson*, 551 U.S. 94, the Court understands Plaintiff to assert the following individual and official capacity claims[4] against Defendants:  (1) Fourteenth Amendment[5] conditions-of-confinement claims relating to Plaintiff's placement in isolation for the duration of his 264-day stay at the Jail, his placement in a cell with a defective ceiling fan that broke and struck him on the head, the denial of sanitary utensils and personal hygiene items, the denial of a dinner tray on a single occasion, and his diet of cheese sandwiches and pop tarts; (2) Fourteenth Amendment deliberate-indifference-to-serious-medical-needs claims relating to the failure to provide medical care for the injuries to his finger and head; and (3) First Amendment free-exercise claims relating to the alleged denial of a Qur'an and Islamic religious services, inclusion of food containing pork on his tray, and forced conversion to Christianity to obtain adequate food.

---

[3]Plaintiff's Complaint does not specify whether he is suing Defendants in their individual and/or official capacities.  The Court must assume that Defendants are being sued in their official capacities unless the Complaint provides notice of suit in an individual capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc).  Because Plaintiff has not affirmatively pled capacity, the Court looks to the course of proceedings to determine whether Defendants have notice of an individual capacity suit. *Id.* at 773.  In examining the course of proceedings, the Court "considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at 772 n.1.  Here, given the Complaint's request for punitive and compensatory damages, as well as Defendants' claims of qualified immunity in their Answer (Doc. 21, at PageID 89), the Court understands Plaintiff to be suing Defendants in both their individual and official capacities. *See Moore*, 272 F.3d at 773.

[4]*See* footnote 3, above.

[5]As noted by the Court in the October 5, 2023 Order and Report and Recommendation, "The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)).  Under the protection guaranteed by the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must not be punished in any manner prior to a lawful conviction. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1970).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the Undersigned concludes that Plaintiff may proceed for further development at this juncture with his individual and official-capacity Fourteenth Amendment conditions-of-confinement claims for his allegedly extended placement in isolations against Defendants Hayslip, Paul, and Aemeont;[6] his individual and official capacity Fourteenth Amendment deliberate-indifference claims for the alleged denial of medical care for his finger against Defendants Unknown Jane Doe Nurse and Mike Shamblin, and for the alleged denial of medical care for his head against Defendants Unknown Jane Doe Nurse and Big John;[7] and his individual and official capacity First Amendment free exercise claims for allegedly denying him a Qur'an against Defendant Hayslip, for allegedly denying him Islamic religious services against Defendants Hayslip, Paul, and Aemeont, and for allegedly serving him food containing pork and

---

[6]In the context of a Fourteenth Amendment conditions-of-confinement claim, a pretrial detainee

> must satisfy two requirements. First, the plaintiff "must 'show that [he or she] is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.* (citing *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); *see also Westmoreland v. Butler Cty.*, 29 F.4th 721, 728 (6th Cir. 2022). Second, the "plaintiff must show that [the Defendant] acted 'deliberately' and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Brawner* [*v. Scott Cty., Tenn.*,], 14 F.4th [585,] 596 [(6th Cir. 2021)].

*Assi v. Hanshaw*, 625 F. Supp. 3d 722, 745 (S.D. Ohio 2022) (alterations original). *See, e.g., DeLeon v. Rockland Cty. Corr. Facility*, No. 10 CIV. 7536, 2013 WL 1195623, at *4 (S.D.N.Y. Mar. 22, 2013) (finding that the confinement of a pretrial detainee "in solitary confinement for almost seven months . . . 'smacks of punishment,' . . . absent a legitimate 'alternative purpose.'") (internal quotations omitted).

[7]In *Trozzi v. Lake Cty, Ohio*, the Sixth Circuit distilled a three-part test for inadequate medical care claims under the Fourteenth Amendment:

> (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

29 F.4th 745, 757-58 (6th Cir. 2022).

9

allegedly forcing him to convert to Christianity to obtain adequate food against Defendants

Hayslip, Aemeont, and Paul.[8]  **The Court cautions Plaintiff, however, that its initial screening**

**determination is preliminary and is not a decision on the merits, that his official capacity**

**claims will require a showing that the requirements for municipal liability are satisfied**

**under *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658 (1978),[9] and that Defendants may still**

**move to dismiss one or more of these claims.**  In addition, for the reasons set forth below, the

Undersigned recommends that Plaintiff's remaining claims be dismissed.

As an initial matter, any individual capacity claims against Defendant Sheriff Rogers

should be dismissed for failure to state a claim upon which relief can be granted.

> The Court does not accept . . . bare-boned allegations as true.  *See Iqbal*, 556 U.S.
> at 680–81 (analyzing a pleading under the federal analog to § 1983 and declining
> to accept as true the conclusory allegation that the "petitioners 'knew of,
> condoned, and willfully and maliciously agreed to subject [the respondent] to
> harsh conditions of confinement 'as a matter of policy . . . for no legitimate
> penological interest'").  Even if these allegations did not fail for lack of
> specificity, they would still not form a viable cause of action for individual
> liability against Sheriff Jones because they are steeped in a theory of vicarious
> liability—that is, they would impose liability on Sheriff Jones "without any
> control or direction having been exercised."  *Monell v. Dep't of Soc. Servs.*, 436
> U.S. 658, 694 n.58 (1978) (citation omitted); *cf. Iqbal*, 556 U.S. at 677
> ("[R]espondent believes a supervisor's mere knowledge of his subordinate's
> discriminatory purpose amounts to the supervisor's violating the Constitution.
> We reject this argument.  Respondent's conception of 'supervisory liability' is
> inconsistent with his accurate stipulation that petitioners may not be held
> accountable for the misdeeds of their agents.").

---

[8]*See Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) ("This court has previously held that 'prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions.'")(quoting *Alexander v. Carrick,* 31 F. App'x 176, 179 (6th Cir. 2002)).

[9]"While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent."  *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)).

*McGill v. Knox Cty.*, No. 3:16-CV-43, 2016 WL 4132217, at \*4 (E.D. Tenn. Aug. 2, 2016).

Because Plaintiff's individual capacity claims against Sheriff Rogers are based on mere conclusory allegations and impermissible supervisory liability principles, they are subject to dismissal. Moreover, as other Jail employees remain as Defendants in this matter, any official capacity claims against Sheriff Rogers should also be dismissed as duplicative. *See Assi*, 625 F. Supp. 3d at 749 ("Because, in the § 1983 context, official capacity claims are interpreted as claims against an individual's employer, all these official capacity § 1983 claims are thus effectively duplicative claims against [Adams County]").

Next, to the extent that Plaintiff alleges claims against Defendants Perigo, Big John, and Hayslip for being denied a meal on one occasion, such claims are subject to dismissal. "[T]he deprivation of a few meals for a limited time generally does not rise to the level of [a constitutional] violation." *Allender v. Minthorn*, No. 2:22-CV-189, 2022 WL 7344967, at \*4 (W.D. Mich. Oct. 12, 2022) (applying analogous Eighth Amendment standard).

Nor has Plaintiff stated a claim against Defendants Hayslip or Unknown Jane Doe Nurse to the extent that Plaintiff alleges that they questioned him about which mosque he attended and which Islamic sect he belonged to. "The Supreme Court has held that prison officials may inquire into the sincerity of [an] inmate's beliefs." *Allan v. Woods*, No. 9:05-CV-1280, 2007 WL 496411, at \*7 (N.D.N.Y. Feb. 12, 2007) (citing *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005)).

Further, while the Court is permitting Plaintiff's Fourteenth Amendment conditions-of-confinement claims to proceed for further development to the extent that Plaintiff alleges that he

11

was placed in isolation for an extended period, Plaintiff has not stated a claim based on these allegations under the First Amendment. Plaintiff has not alleged any *facts* tying his placement in an isolation cell to his religious beliefs. Without additional facts, the Court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P 8(a)(2)).

Similarly, while the Court is permitting Plaintiff's claims regarding his diet to proceed for further development at this juncture under the First Amendment, Plaintiff has failed to state a constitutional claim to the extent he complains about a lack of variety in the foods he was served. *See, e.g., Balcar v. Smith*, No. 3:16-CV-P428, 2017 WL 380931, at *3 (W.D. Ky. Jan. 26, 2017) ("[W]hile Plaintiff may wish the prison menu had more variety, prison food is not required to be tasty or widely varied.") (citing *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977)).

Plaintiff also alleges that that "at no time" while he was in isolation "would any of the Defendants provide [him] with sanitary eating utensils or the ability to meet all hygiene needs, i.e., shaving, haircuts, toothpaste, toilet paper etc." (Doc. 20, at PageID 83-84). However, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for [the alleged constitutional violation]." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.") (in turn quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Plaintiff simply does not allege which, if any, of Defendants was responsible for the alleged denial of his request.

12

Plaintiff has therefore failed to state a Fourteenth Amendment claim against Defendants based on the alleged denial of clean utensils, toiletries or personal hygiene items  *See Boxill*, 935 F.3d at 518; *see also Iqbal*, 556 U.S. at 679.

Additionally, Plaintiff has failed to state a claim under the Fourteenth Amendment for placing him in a cell with an allegedly defective ceiling fan.  *See Assi*, 625 F. Supp. 3d at 745 (to state a Fourteenth Amendment conditions-of-confinement claim the plaintiff must show, *inter alia*, that the Defendants "acted 'deliberately' and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known'").  Plaintiff's Complaint does not allege that anyone at the Jail was aware that Plaintiff's fan was faulty or that it posed a substantial risk of serious harm to Plaintiff.  Without such allegations, his Complaint fails to allege that his injuries were the result of anything more than negligence, which is insufficient to raise a federal question.  *See, e.g., Veljkovic v. First Energy Co.,* No. 1:07 CV 1991, 2007 WL 2409716, at *2 (N.D. Ohio Aug. 20, 2007) ("Negligence is a cause of action which arises under state tort law. It does not support the existence of federal question jurisdiction.").  *See also Cole v. Entrekin*, No. 417CV00091, 2017 WL 4322473, at *4 (N.D. Ala. Aug. 22, 2017), *adopted*, 2017 WL 4306088 (N.D. Ala. Sept. 28, 2017) (dismissing the plaintiff's complaint at the screening stage because, *inter alia*, "the plaintiff fail[ed] to allege that any . . . defendant was even aware of the [fan's] condition, [and thus] failed to allege any defendant's subjective knowledge of the impending danger.").

Plaintiff has also failed to state a claim to the extent that he alleges he was "constantly searched" and denied pencils and pens to write and file complaints to other entities.  (Doc. 20, at PageID 84).  These barebones factual allegations are inadequate to support a plausible claim of

deliberate indifference to a serious medical need.  *See Iqbal*, 556 U.S. at 678.  Furthermore, to

the extent that Plaintiff is alleging a denial of the right to file grievances, Plaintiff has no right

under the Constitution to an effective prison grievance procedure.  *See, e.g., Hill v. Warden,* No.

1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.), *adopted*, 2012

WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.).

Plaintiff's Third Amended Complaint should likewise be dismissed to the extent that he

alleges that Defendants conspired to violate his rights.  "A civil conspiracy under § 1983 is an

agreement between two or more persons to injure another by unlawful action."  *Crowley v.*

*Anderson Cty., Tenn.*, 783 F. App'x 556, 560 (6th Cir. 2019) (internal citations and quotation

marks omitted).  "To prevail on a civil conspiracy claim, [a plaintiff] must show that (1) a 'single

plan' existed, (2) [the defendant] 'shared in the general conspiratorial objective' to deprive [the

plaintiff] of his constitutional (or federal statutory) rights, and (3) 'an overt act was committed in

furtherance of the conspiracy that caused the injury' to [the plaintiff]."  *Bazzi v. City of*

*Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th

Cir. 1985)).  "The Sixth Circuit has warned that 'conspiracy claims must be pled with some

degree of specificity and that vague and conclusory allegations unsupported by material facts

will not be sufficient to state such a claim under § 1983.'"  *Ayers v. Gabis*, No. 20-11735, 2021

WL 4316853, at *6 (E.D. Mich. Sept. 23, 2021) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th

Cir. 2008)).  "These guidelines have led the court to conclude that the 'pleading requirements

governing civil conspiracies are relatively strict.'"  *Id.*  Plaintiff's allegations fall short of

meeting the specificity requirement.  He simply alleges that Defendants "conspired" to violate

his constitutional rights. (*See, e.g.*, Doc. 20, at PageID 84). Such conclusory allegations are insufficient to state a conspiracy claim. Plaintiff's conspiracy claim should be dismissed.

Finally, Plaintiff's claims for injunctive relief should be dismissed without prejudice. "[A] prisoner plaintiff's release from custody generally renders requests for injunctive relief regarding his former confinement moot." *Davis v. Parker*, No. 1:17-cv-0082, 2018 WL 2189751, at *2 (M.D. Tenn. Apr. 17, 2018) (citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010)). This is because "there is no reasonable expectation that the alleged [constitutional] violation will recur." *Bond v. Cunningham*, No. 22-1105, 2023 WL 2842887, at *5–6 (W.D. Tenn. Apr. 7, 2023) (internal quotation omitted). Additionally, "the Court has no authority to direct that [the Jail] terminate [the Individual Defendants'] employment as part of any final outcome in this case." *Id*. (internal quotation omitted) (alterations original). Because Plaintiff is no longer incarcerated in the Jail, his claims for injunctive relief should be dismissed without prejudice. *See id*.

Accordingly, in sum, Plaintiff may proceed for further development at this juncture with his individual and official-capacity Fourteenth Amendment conditions-of-confinement claims for the allegedly extended placement in isolations against Defendants Hayslip, Paul, and Aemeont; his individual and official capacity Fourteenth Amendment deliberate-indifference claims for the alleged denial of medical care for his finger against Defendants Unknown Jane Doe Nurse and Mike Shamblin, and for the alleged denial of medical care for his head against Defendants Unknown Jane Doe Nurse and Big John; and his individual and official capacity First Amendment free exercise claims for denying him a Qur'an against Defendant Hayslip, for allegedly denying him Islamic religious services against Defendants Hayslip, Paul, and Aemeont,

15

and for allegedly serving him food containing pork and allegedly forcing him to convert to

Christianity to obtain adequate food against Defendants Hayslip, Aemeont, and Paul.  The

remainder of his claims should be dismissed with prejudice, with the exception of his claims for

injunctive relief, which should be dismissed without prejudice.

However, Plaintiff has failed to provide summons and U.S. Marshal forms for service.  It

is therefore **ORDERED** that Plaintiff, **within thirty (30) days** of the date of this Order, submit

to the Court a completed summons and U.S. Marshal form for service of process on each of

Defendants Lieutenant Hayslip and Mike Shamblin.  Once the Court receives the requested

summons and United States Marshal forms, the Court **ORDERS** service of process by the

United States Marshal.  As noted below, Plaintiff must file a motion to issue service on the

remaining, unidentified Defendants, *i.e.*, Unknown Jane Doe Nurse, Big John, Paul, and

Aemeont,[10] before service will be issued on those Defendants.

Plaintiff's remaining claims should be dismissed.  *See* 28 U.S.C. § 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

1.      The Court adopt in its entirety the Undersigned's October 5, 2023 Order and

Report and Recommendation (Doc. 12).

2.      The Third Amended Complaint be **DISMISSED with prejudice,** pursuant to 28

U.S.C. § 1915A(b), **with the exception of** Plaintiff's individual and official-capacity Fourteenth

Amendment conditions-of-confinement claims for the allegedly extended placement in isolations

---

[10]Three of the Defendants—Big John, Paul and Aemeont—are identified only by a nickname or single name.  Because Plaintiff has provided insufficient identifying information for these defendants, *see, generally, Jones v. Sheriff Officer Unknown of Lancaster Cty.*, No. 8:20CV365, 2021 WL 2351118, at *3 (D. Neb. June 9, 2021), the Court will treat them as unidentified defendants.

against Defendants Hayslip, Paul, and Aemeont; Plaintiff's individual and official capacity

Fourteenth Amendment deliberate-indifference claims for the alleged denial of medical care for

his finger against Defendants Unknown Jane Doe Nurse and Mike Shamblin, and for the alleged

denial of medical care for his head against Defendants Unknown Jane Doe Nurse and Big John;

and Plaintiff's individual and official capacity First Amendment free exercise claims for

allegedly denying him a Qur'an against Defendant Hayslip, for allegedly denying him Islamic

religious services against Defendants Hayslip, Paul, and Aemeont, and for allegedly serving him

food containing pork and allegedly forcing him to convert to Christianity to obtain adequate food

against Defendants Hayslip, Aemeont, and Paul; **and with the exception of** Plaintiff's claims for

injunctive relief, which should be **DISMISSED without prejudice**.

**IT IS THEREFORE ORDERED THAT:**

1.      The **CLERK OF COURT** is **DIRECTED** to update the docket sheet in this case

to reflect that Defendants are being sued in their official and individual capacities.

2.      Plaintiff shall submit to the Court a completed summons and U.S. Marshal form

for service on each of Defendants Lieutenant Hayslip and Mike Shamblin **within thirty (30)**

**days** of the date of this Order.

3.      The **CLERK OF COURT** is **DIRECTED** to send to Plaintiff two summons

forms and two United States Marshal forms for this purpose.  Once the Court receives the

requested summons and United States Marshal forms, the Court **ORDERS** service of process by

the United States Marshal in this case.

4.      Before service may be issued upon the remaining unidentified defendants, *i.e.*,

Unknown Jane Doe Nurse, Big John, Paul, and Aemeont, Plaintiff must file a motion to issue

17

service setting forth the identities of the unidentified Defendants.  Plaintiff is therefore

**ORDERED** to file a motion to issue service, including completed United States Marshal and

summons forms, if and when Plaintiff discovers the identity of the unidentified Defendants

through discovery.  Plaintiff is advised that no service will be issued on the unnamed Defendants

unless Plaintiff complies with this Order.

5.      Plaintiff shall serve upon Defendants or, if appearance has been entered by

counsel, upon Defendants' attorney(s), a copy of every further pleading or other document

submitted for consideration by the Court.  Plaintiff shall include with the original paper to be

filed with the Clerk of Court a certificate stating the date a true and correct copy of any

document was mailed to Defendants or Defendants' counsel.  Any paper received by a district

judge or magistrate judge which has not been filed with the Clerk or which fails to include a

certificate of service will be disregarded by the Court.

6.      Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit.

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

18

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).


May 6, 2024                                                      s/ *Elizabeth A. Preston Deavers*
                                                                ELIZABETH A. PRESTON DEAVERS
                                                                United States Magistrate Judge

19